NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. FEMI FELIX-UKWU, Defendant - Appellant. | No. 23-3771 D.C. No. 2:18-cr-00529-MWF-2 MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted February 11, 2025[**]
Pasadena, California

Before: GRABER, HAMILTON[***], and BUMATAY, Circuit Judges.

For his participation in a scheme to defraud Spirit Airlines out of free plane

tickets, defendant Femi Felix-Ukwu was convicted of conspiracy to commit wire

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, Seventh Circuit, sitting by designation.

fraud, conspiracy to commit identity theft, identity theft, and aggravated identity theft. The district court sentenced Felix-Ukwu to 25 months in prison and three years of supervised release. Felix-Ukwu timely appeals his convictions and sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

1. Felix-Ukwu argues that the government's cross-examination regarding false statements that he made on his 2019 renewal application for a pharmacist's license was improper under Federal Rules of Evidence 404(b)(3) and 608(b). Because Felix-Ukwu failed to make these objections at trial, we review only for plain error. *United States v. Koziol*, 993 F.3d 1160, 1183 (9th Cir. 2021).

First, the district court did not plainly err by allowing the government to cross-examine Felix-Ukwu about the false statements without complying with Rule 404(b)(3)'s notice requirement. The government asked about the false statements for the sole purpose of impeaching Felix-Ukwu's credibility. Impeachment through cross-examination about specific instances probative of a witness's character for untruthfulness is governed by Rule 608(b). *United States v. Olsen*, 704 F.3d 1172, 1184 n.4 (9th Cir. 2013). It is not subject to Rule 404(b)(3)'s notice requirement, which applies only to "other act[s]" evidence that tends to establish a material fact at issue. *United States v. Lague*, 971 F.3d 1032, 1038 (9th Cir. 2020); *see United States v. Bagley*, 772 F.2d 482, 487 (9th Cir. 1985)

(explaining that evidence attacking a witness's character for truthfulness "is not, in itself, evidence of guilt or innocence").  Because the false statements were relevant only to Felix-Ukwu's character for truthfulness, the Rule 404(b)(3) notice requirement did not apply.

Second, the district court did not plainly err by allowing the government to use a physical copy of the 2019 application during its cross-examination.  Rule 608(b) prohibits only "the admission into evidence of documents or testimony by another witness to prove prior misconduct not resulting in a conviction."  *United States v. Jackson*, 882 F.2d 1444, 1448 (9th Cir. 1989).  Although the prosecutor read from the 2019 application and presented it to Felix-Ukwu, the document was not admitted into evidence.

2.  Felix-Ukwu also claims that he received ineffective assistance of counsel in violation of the Sixth Amendment.  "However, as a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal."  *United States v. Osorio-Arellanes*, 112 F.4th 647, 658 (9th Cir. 2024) (citation and internal quotation marks omitted).  We consider ineffective assistance claims on direct appeal only when "(1) the record 'is sufficiently developed,' or (2) an attorney's performance is 'so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel.'"  *Id.* (citation omitted).  Except in such unusual cases, we leave ineffective-assistance claims for possible litigation under 28 U.S.C.

23-3771

§ 2255, where the parties will have an opportunity to make a factual record to resolve those claims. Felix-Ukwu's case does not fall within either limited exception.

3. Felix-Ukwu argues that his 25-month total prison sentence violates the Fifth Amendment's Due Process Clause. If a district court's sentencing decision is procedurally sound, we review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court complied with the law by imposing a 24-month mandatory minimum sentence, consecutive to the sentence for all other charges, for Felix-Ukwu's conviction for aggravated identify theft. *See* 18 U.S.C. § 1028A(a)(1) & (b)(2). Felix-Ukwu does not challenge that portion of his sentence. His challenge is thus limited to the substantive reasonableness of the below-guideline one-month prison term that the district court imposed for his other three convictions.

The district court did not abuse its discretion. The record shows that the judge made a reasoned decision based on all the relevant factors under 18 U.S.C. § 3553(a), including the mitigating facts identified by Felix-Ukwu. Felix-Ukwu's below-guideline sentence is not excessively harsh compared to sentences imposed on similarly situated defendants. *United States v. Green*, 592 F.3d 1057, 1071–72 (9th Cir. 2010). Moreover, Felix-Ukwu himself proposed the one-month sentence

for the remaining charges. It was reasonable for the district court to impose the sentence requested by Felix-Ukwu himself. *See United States v. Medina-Luna*, 98 F.4th 976, 981 (9th Cir. 2024) (finding no abuse of discretion where the district court varied downward from the guideline range and "imposed the sentence that Defendant himself had requested").

**AFFIRMED.**